IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BARRY D. MCGILL,
    Plaintiff,

v().    Case No. 2:03-CV-877
    JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Terence P. Kemp

UC EXPRESS / WAL-MART, et al.,
    Defendants.

## OPINION AND ORDER

On September 26, 2003, Plaintiff, who is proceeding without the assistance of counsel, filed this action against his former employer, Defendant Wal-Mart[1], for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and state law. On November 16, 2004, Defendant Wal-Mart moved to Dismiss Plaintiff's complaint for lack of jurisdiction. According to the Defendant, because Plaintiff filed a Chapter 7 bankruptcy petition on February 14, 2003, Plaintiff's claims are the property of the bankruptcy estate and can only be asserted by the trustee. Thus, Defendant Wal-Mart argues that Plaintiff is without standing to pursue this case and the Court lacks subject matter jurisdiction.

Plaintiff did not immediately respond to the Motion to Dismiss but, on January 21, 2005, he filed a document titled "Motion for Loss Wages," in which he summarily asks the Court to dismiss Defendant Wal-Mart's motion to dismiss and award him lost wages.

In view of the undisputed record, the Court agrees with Defendant Wal-Mart that Plaintiff lacks standing to pursue a claim for relief in this Court. Pursuant to 11 U.S.C. § 541(a)(1), all of

---

[1] Plaintiff also named UC Express as a Defendant, but service was never effected.

Plaintiff's property, including causes of action, became part of the bankruptcy estate upon the filing for bankruptcy. *See Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988). Since the trustee has the exclusive right to assert a debtor's claim, Plaintiff is without standing to pursue the instant action.

Accordingly, the Defendant's Motion to Dismiss (**Doc. #19**) is **GRANTED**. The Plaintiff's Motion for Loss Wages (**Doc. #20**) is **DENIED**. The Clerk is **DIRECTED** to **Close** this case and remove the foregoing motions from the Court's pending motions list.

**IT IS SO ORDERED.**

9-27-2005
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**